**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 17-1499

————————

ELI ALMANZAR MOREY,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent

————————

On Petition for Review of an Order of the Board of Immigration Appeals
(A045-382-117)
Immigration Judge: Dorothy Harbeck

————————

Submitted Under Third Circuit L.A.R. 34.1(a)
November 17, 2017

Before:  VANASKIE, SHWARTZ, and FUENTES, *Circuit Judges*

(Opinion Filed:  February 2, 2018)

————————

OPINION[*]

————————

FUENTES, *Circuit Judge*.

Petitioner Eli Almanzar Morey is a national of the Dominican Republic.  He was

initially admitted to the United States in April 1996 as a Conditional Permanent Resident

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

and became a Lawful Permanent Resident in September 2010. In 2010, Morey was convicted of 5th Degree Criminal Sale of a Controlled Substance in New York state court in violation of New York Penal Law § 220.31. After a period outside the country, Morey arrived at Newark Liberty International Airport on March 17, 2015. At that time, he applied for admission as a returning Lawful Permanent Resident.

Morey was denied entry and two days later was served with a Notice to Appear by the Department of Homeland Security charging him as removable.[1] These charges were based on Morey's 2010 New York drug conviction. The Immigration Judge, in a written decision, determined that Morey's conviction "renders him inadmissible and he is removable under INA § 212(a)(2)(A)(i)(II)"[2] and denied his application for cancellation of removal.[3] In her decision, the Judge determined that § 220.31 was divisible and that because the specific drug Morey sold—heroin—is a controlled substance under both New York and federal law, this conviction bars him from admission and requires his removal. Morey appealed to the Board of Immigration Appeals (the "Board") on only the determination of his removability.[4] The Board affirmed, agreeing that the statute is divisible and that the Immigration Judge properly applied the modified categorical approach. It also dismissed Morey's argument that the New York statute is more broad than the federal statute because it criminalizes at least one more drug. The Board

---

[1] *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(II) and 1182(a)(2)(C).
[2] INA §§ 212(a)(2)(A)(i)(II) is codified in the United States Code at 8 U.S.C. § 1182(a)(2)(A)(i)(II).
[3] A.R. 30.
[4] Morey Br. at 5.

determined this argument was foreclosed by its ruling in *Matter of Ferreira*.[5]  In

*Ferreira*, the Board held that where a state statute seems on its face to cover a controlled

substance that the federal list does not, there must be a "realistic probability" that the

state actually prosecutes conduct falling outside the federal generic crime.[6]  The Board

noted that Morey had not shown such a realistic probability and, thus, the New York

statute could be considered a categorical match for the federal statute.

Morey now petitions us for review of the final Board decision that he is

inadmissible.  He presents two issues for our review: (1) whether the Board erroneously

found that § 220.31 is divisible and thus subject to the modified categorical approach;

and (2) whether, if the statute were divisible, the Board erroneously relied on *Matter of*

*Ferreira* and required Morey to demonstrate a realistic probability that § 220.31 would be

applied to prosecute conduct not proscribed under federal law.  For the reasons that

follow, we will deny the petition for review.

## I.

The same day Morey filed his opening brief on this appeal, the Second Circuit

issued its decision in *Harbin v. Sessions*.[7]  In this decision, the Second Circuit held that §

220.31 was indivisible, an issue directly relevant to this appeal.[8]  Since this decision,

Morey has argued that we should adopt the rationale of the Second Circuit, while the

Attorney General has invited us to create a circuit split with the Second Circuit regarding

---

[5] 26 I&N Dec. 415 (BIA 2014).
[6] *Id.* at 420-21.
[7] 860 F.3d 58 (2d Cir. 2017).
[8] *Id.* at 61.

interpretation of the state law of one of its constituent states. Assuming, without deciding, that the Second Circuit's *Harbin* decision is accurate in its holding that § 220.31 is indivisible, Morey is still not entitled to relief as he has not demonstrated a realistic probability the New York statute in question is actually applied to conduct involving controlled substances outside of the scope of the federal controlled substances schedule.

Morey claims that he is not removable because the New York statute he was convicted under, § 220.31, criminalizes a broader swath of conduct than federal law and as a result is not a categorical match for the generic statute.[9] In support of this assertion Morey notes that a drug that appears on the New York list, chorionic gonadotropin, is not prohibited under the related federal law.[10] Morey claims that § 220.31 is not a categorical match for the generic statute and, thus, he has not violated a state law "relating to a controlled substance" as defined by federal law.[11] Because his removal was predicated on his violation of a state law relating to a controlled substance offense, he argues his removal is impermissible. Morey is mistaken.

---

[9] *See, e.g., Descamps v. United States*, 570 U.S. 254, 257 (2013) (explaining that the categorical approach "compare[s] the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood").

[10] *See* 21 U.S.C. § 802; 21 C.F.R. § 1308.11-15.

[11] 8 U.S.C. § 1182 (a)(2)(A)(i)(II); *see Moncrieffe v. Holder*, 569 U.S. 184, 192 (2013) (holding that to qualify as a conviction relating to a federally controlled substance, "a state drug offense must meet two conditions: It must 'necessarily' proscribe conduct that is an offense under the [Controlled Substances Act], and the [Act] must 'necessarily' prescribe felony punishment for that conduct").

The Supreme Court has instructed that in considering whether a state statute criminalizes conduct beyond that of its federal corollary, "there must be 'a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.'"[12] Absent this analysis, the categorical approach becomes "an invitation to apply 'legal imagination' to the state offense."[13] Morey must thus demonstrate that there is a realistic probability that the New York statute is actually applied to conduct outside the scope of the federal controlled substance schedules.[14] He has failed to do so.

Morey does not cite any New York case where an individual has been prosecuted for selling chorionic gonadotropin, nor have we been able to identify one. As Morey has failed to identify a single instance of New York prosecuting someone for the sale of chorionic gonadotropin, such a prosecution is merely a "theoretical possibility" and does not prevent § 220.31 from being considered a categorical match for the generic offense.[15] The Board did not err in relying on *Matter of Ferreira* to come to the same conclusion.

## II.

For the reasons set forth above, we deny the petition to review the Board's denial of Morey's appeal of his removability charge.

---

[12] *Id.* at 191 (quoting *Gonzalez v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).
[13] *Id.* (quoting *Duenas-Alvarez*, 549 U.S. at 193).
[14] *See id.*
[15] *See id.*